United States District Court
Southern District of Texas
**ENTERED**
July 17, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **KARINA ILEANA BENAVIDES**, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **MARCO RUBIO ET AL.**, § <br> Defendants. § | **Civil Action No.** 1:25-cv-00065 |

### ORDER GRANTING DEFENDANTS' OPPOSED MOTION TO STAY

On May 23, 2025, Defendants filed their "Opposed Motion to Stay Proceedings" (Defendants' "Motion"). Dkt. No. 9. On June 13, 2025, Plaintiff filed her Response in "Opposition to Defendants' Stay Request" (Plaintiff's "Response"). Dkt. No. 14. And on June 20, 2025, Defendants filed a "Reply in Support of Motion to Stay Proceedings" (Defendants' "Sur-Reply"). Dkt. No. 16. For the reasons below, Defendants' Motion is hereby **GRANTED**.

The basis for Defendants' Motion is the Fifth Circuit Court of Appeals' imminent ruling in *Sarabia v. Noem, et al.*, No. 24-50750 (5th Cir.). Dkt. No. 9 at ¶¶ 6—9. In *Sarabia*, the Fifth Circuit is poised to decide whether the five-year statute of limitations contained in Section 1503 of Title 8 of the United States Code is jurisdictionally determinative for district courts hearing cases brought under § 1503. *See id.*; *see also* 8 U.S.C. § 1503(a). While this means that *Sarabia* does not address the core legal questions in *this* case, the Fifth Circuit's ruling is nevertheless substantially likely to be dispositive in this case. *Compare* Dkt. No. 14 at 3 ("the Fifth Circuit's consideration in . . . *Sarabia* of whether exceptions can apply to 8 U.S.C. § 1503 as a claims-processing, rather than jurisdictional, rule is not germane here."), *with* Dkt. No. 9 at ¶ 5 ("The precise threshold

question concerning the Court's subject matter jurisdiction is now before the Fifth Circuit in *Sarabia*.").

The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). The Court may stay discovery "for good cause shown." Fed. R. Civ. P. 26(c)(1).

Further, the Court enjoys the inherent power to stay proceedings so that it can "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) (Hanks, J.).

Having thoroughly reviewed the record in this case as well as the parties' respective arguments on the Motion, the Court finds that no party would be prejudiced by a stay in this case. Additionally, the interest of judicial efficiency weighs heavily in favor of a stay. The Fifth Circuit has not yet ruled on whether the § 1503's statute of limitations constitutes a jurisdictional bar or a claims-processing rule. And the Fifth Circuit's answer to that question *could* be dispositive in this case.

In the absence of a stay, the Court would have to decide which statutory interpretation it finds more compelling, and it would have to do so without the benefit of

guidance from clear, binding precedents. However, these issues would be greatly simplified by the anticipated decision from the Fifth Circuit in *Sarabia*. Considering, then, both the dearth of precedential caselaw currently available and the likelihood that the *Sarabia* holding will provide the Court guidance, judicial efficiency would be better served if the Court stayed this case pending the Fifth Circuit issuing its decision.

**ACCORDINGLY**, Defendants Motion is hereby **GRANTED**. The Court further **ORDERS** that **ALL DEADLINES, PROCEEDINGS, AND SETTINGS** in this case are **STAYED** pending the Fifth Circuit's decision in *Sarabia v. Noem, et al.*, No. 24-50750 (5th Cir.).

During the stay, no party shall be required to engage in discovery. After the *Sarabia* decision is issued, the Court will issue an order lifting the stay and will inform the parties if further briefing is necessary.

SO ORDERED.

SIGNED on this **17th** day of **July, 2025**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge